UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON KNOWLES | CIVIL ACTION NO.: 2:23-cv-07263 |
| VERSUS | DISTRICT JUDGE WENDY B VITTER |
| UNDERWRITERS AT LLOYD'S LONDON (LLOYDS OF LONDON) | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

**ANSWER AND AFFIRMATIVE DEFENSES**

Certain Underwriters at Lloyd's, London ("Underwriters"), without waiving any procedural or substantive deficiencies in the Petition for Damages ("Petition"), submit the following Answer and Affirmative Defenses:

1. Upon information and belief, admitted that Plaintiff is person of the age of majority. Underwriters lack sufficient information to admit or deny the remaining allegations of paragraph 1, and therefore deny same.

2. Admitted that Underwriters are authorized to conduct business in Louisiana. The allegation relating to service calls for legal conclusions only and thus no response is required. To the extent a response may be deemed required, denied. Otherwise, denied.

3. The allegations of paragraph 3 are admitted as they relate to this federal court.

4. Admitted that the insurance policy constitutes a contract affording benefits in the event of an insured loss, and that some premium was paid. The remaining allegations of paragraph 4 call for legal conclusions only and thus no response is required. To the extent a response may be deemed required, denied.

5. The allegations of paragraph 5 are admitted as they relate to this federal court.

## FACTS

6.      Admitted that the property is an insured location under the insurance policy. Otherwise, denied.

7.      Underwriters lack sufficient information to admit or deny the allegations of paragraph 7, and therefore deny same.

8.      Admitted that the insurance policy affords coverage for the property, subject to all its conditions, definitions, exclusions, limitations, provisions, and terms. Otherwise, denied.

9.      Admitted that some premiums were paid. Underwriters currently lack sufficient information to admit or deny the remaining allegations of paragraph 9, and therefore deny same.

10.      Underwriters lack sufficient information to admit or deny the allegations of paragraph 10, and therefore deny same.

11.      Admitted that Hurricane Ida made landfall on the Louisiana coast on August 29, 2021. Upon information and belief, admitted that the insurance policy was in effect. Otherwise, denied.

12.      Admitted that Hurricane Ida was a category four hurricane. The remaining allegation is denied on the basis that the word "major" can vary in meaning and no context is provided.

13.      Upon information and belief, admitted.

14.      Upon information and belief, admitted that that the property incurred certain storm caused loss. The covered loss was properly adjusted and paid. Otherwise, denied.

15.      Admitted that Hurricane Ida produced winds with wind-driven rain that lasted for a period of hours. The remaining allegation is denied on the basis that the word "devastating" can vary in meaning and no context is provided.

16. Upon information and belief, admitted that that the property incurred certain storm caused loss. The covered loss was properly adjusted and paid. Otherwise, denied.

17. Admitted that a claim was reported. Underwriters currently lack sufficient information to admit or deny the allegations of paragraph 17, and therefore deny same.

18. Underwriters lack sufficient information to admit or deny the allegations of paragraph 18, and therefore deny same.

19. Admitted that Plaintiff is entitled to payment of benefits to the extent that the insurance policy affords coverage for insured loss, subject to its provisions, conditions, definitions, exclusions, limitations, provisions, and terms. The insured loss was properly adjusted and paid. Otherwise, denied.

20. Paragraph 20 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the referenced statute.

21. Admitted that the property was made available for inspection. Otherwise, denied.

22. Paragraph 22 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the referenced claims handling timelines.

23. Paragraph 23 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the referenced statute.

24. Paragraph 24 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the referenced statute.

25. Paragraph 25 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the referenced statute.

26. Paragraph 26 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the referenced statute.

27. Paragraph 27 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the statutory requirements addressed in the referenced caselaw.

28. Paragraph 28 contains alleged statements of law only and thus no response is required. Underwriters deny any violation of the statutory requirements addressed in the referenced caselaw.

29. Admitted that the property was made available for inspection. Otherwise, denied.

30. Underwriters deny the factual allegations of paragraph 30. The remaining allegations contain statements of law only and thus no response is required. Underwriters deny any violation of the statutory requirements addressed in the referenced caselaw.

31. Underwriters deny the allegations of paragraph 31.

32. Underwriters deny the allegations of paragraph 32.

33. Underwriters deny the allegations of paragraph 33.

34. Underwriters deny the allegations of paragraph 34.

35. Underwriters deny the allegations of paragraph 35.

## **BREACH OF CONTRACT**

36. Underwriters deny the allegations in paragraph 36.

37. Admitted that the insurance policy affords coverage for certain wind loss subject to its conditions, definitions, exclusions, limitations, provisions, and terms. Underwriters deny the allegations of paragraph 37 purporting to characterize the terms of coverage under the insurance policy on the basis that there is no context provided. Otherwise, denied.

38. Underwriters deny the allegations of paragraph 38.

**STATUTORY DAMAGES, PENALTIES, ATTORNEY'S FEES, AND COSTS**

39. Underwriters deny the allegations of paragraph 39.

40. Underwriters deny the allegations of paragraph 40, including parts a.– g.

**JURY TRIAL**

41. Admitted that the Petition contains a request for trial by jury. Underwriters deny that the case presents claims for which any damages or other relief should be awarded by a jury.

Underwriters deny all aspects of the unnumbered Prayer for Relief and contest damages and demand strict proof thereof.

**AFFIRMATIVE DEFENSES**

1. Underwriters deny each of the allegations of the Petition not specifically admitted in the Answer above and demand strict proof thereof.

2. Plaintiff's claims against Underwriters may be barred or limited, in whole or part, by the terms and provisions of the insurance policy, including the insuring agreements, exclusions, limitations, conditions, limits, and definitions, and the terms of any endorsements, all of which are fully incorporated by reference herein.

3. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the insuring agreement requirements are not met.

4. Underwriters incorporate as if fully set forth herein each of the coverage determinations and positions stated in the coverage correspondence from Peninsula Insurance Bureau dated October 25, 2021, March 17, 2022, September 13, 2022, and February 1, 2023, which are fully incorporated by reference herein.

5. Plaintiff's claims against Underwriters are or may be barred or limited, in whole or in part, to the extent that Plaintiff cannot demonstrate full performance under the insurance policy.

5

6. Plaintiff's claims against Underwriters may be barred or limited, in whole or in part, to the extent that Plaintiff failed to comply with the Conditions of the insurance policy. This includes, without limitation, any failure to comply with the Policy Period, Loss Settlement, Duties After Loss, and Suit Against Us Conditions in the insurance policy.

7. Plaintiff's claims against Underwriters may be barred or limited, in whole or in part, to the extent that any of the Limitations and Exclusions in the insurance policy apply. This includes, without limitation, those of the Limited Fungi, Wet or Dry Rot, or Bacteria Coverage Endorsement.

8. Underwriters had legitimate, arguable, and reasonable bases for each aspect of the investigation and coverage determination that Plaintiff contests.

9. Underwriters did not owe Plaintiff the duties alleged in the Petition, in tort or contract.

10. Underwriters did not breach a duty owed to Plaintiff, in tort or contract.

11. Plaintiff suffered no damages resulting from an alleged act or omission of Underwriters.

12. Plaintiff's alleged damages, if any, are the proximate result of acts or omissions of persons for whom Underwriters are neither liable nor responsible such that said actions constitute the sole proximate cause or are an intervening or superseding cause.

13. Underwriters plead all equitable defenses which may apply, including, without limitation, waiver, estoppel, laches, and unclean hands.

14. Underwriters deny engaging in any arbitrary, culpable, intentional, malicious, willful, or reckless misconduct in connection with Plaintiff's insurance claim.

15. Underwriters plead comparative and contributory negligence and assumption of the risk to the extent they may apply.

16. Underwriters plead all defenses arising from the duty to read doctrine.

17. Plaintiff's claims may be barred by the indemnity principle of insurance.

18. Underwriters plead the defense of spoliation to the extent it may apply.

19. Underwriters plead failure to mitigate and avoidable consequences to the extent they may apply.

20. The standard for recovery of statutory penalties is not met.

21. There has been no violation by Underwriters of any aspect of La. R.S. 22:1973 or La. R.S. 22:1892.

22. Plaintiff is not entitled, in law or in equity, to an award of special or general damages, attorney's fees, statutory penalties, costs, expenses or interest against Underwriters.

23. Underwriters reserve all rights under the Other Insurance and Service Agreement Condition in the insurance policy.

24. Underwriters plead set-off, credit, or recoupment for any recovery by Plaintiff from any other person or entity.

25. In the event Underwriters are found liable for any portion of the claims asserted, all costs, expenses, and amounts of any judgment shall be apportioned among all applicable other insurance.

**RESERVATION OF RIGHTS**

Underwriters reserve the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information, to include the right to assert a counterclaim

seeking declaratory judgment as to the parties' rights under the insurance policy, and to assert third-party claims to the extent the evidence supports such a claim or claims.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Andrew R. DeCoste*
Andrew R. DeCoste (La. Bar No. 34276)
400 Poydras Street, Suite 2250
New Orleans, Louisiana 70130
Telephone: (504) 702-1216
Facsimile: (504) 702-1715
Email: andrew.decoste@wilsonelser.com
*Counsel for Certain Underwriters at Lloyd's, London*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all adverse parties in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) or by the Court's CM/ECF system on February 9, 2024.

*/s/ Andrew R. DeCoste*
Andrew R. DeCoste